■ JACK LA PLATNEY, Appellant, v RICHARD WHITMORE et al., Respondents. (And Two Third-Party Actions.) — Mikoll, J. Appeal from a judgment of the Supreme Court in favor of defendants, entered January 18, 1984 in St. Lawrence County, upon a dismissal of the complaint by the court at Trial Term (Shea, J.), at the close of plaintiff's case.

Plaintiff was gravely injured in a propane gas explosion while working for Newton Falls Paper Mill, Inc. (Newton) in September 1977. The accident occurred when plaintiff entered a trailer in which three forklift vehicles were stored and attempted to start one of them. There was a pronounced smell of gas in the trailer at the time and, as plaintiff started the forklift, flames emanated from underneath it and an explosion occurred, seriously burning plaintiff. After the accident, it was found that the handle from the valve of the propane cylinder was missing on forklift number 14, which was the forklift plaintiff had tried to start, and a frost-like material was observed near the connection section, called the "quick connect". Plaintiff's expert opined that gas had leaked from this area of the tank connection where the frost-like material was observed. The function of the quick connect was to prevent leaks when the manual valve was left open.

The forklifts' generating power came from propane tanks supplied to Newton by Petrolane Northeast Corporation (Petrolane). Newton had converted the forklifts from gasoline to propane fuel with materials supplied to it by Petrolane. Newton maintained and repaired the fuel lines of the equipment. Richard Whitmore of Small Oil Company was hired to fill the gas tanks and to service them.

A service valve, when in the "on" position, permitted gas to flow from the tank through a quick connect, which had to be properly engaged to allow a flow of fuel. The gas then traveled through a hose to the top of the engine compartment, through this junction into another hose to another valve, which was controlled by the ignition switch. When the ignition switch was on, propane went to a converter regulator which converted the liquid propane to gas. The gas then went into the carburetor through the vacuum cut-off valve and generated the power for the engine to work.

Plaintiff sued Richard and Amy Whitmore, Small Oil Company* and Petrolane based on negligence, strict products liability and breach of warranty. Defendants brought third-party actions against Newton. Plaintiff's bill of particulars claimed that defendants were liable to plaintiff due to the fact that there were no handles on the service valve on the propane tank plaintiff used. Plaintiff claimed that the absence of the handle to the tank, required as standard equipment by the National Fire Protection Association, caused the accident. Plaintiff was allowed to amend his bill of particulars during trial to include proof of alleged failure to warn plaintiff as to the dangers of propane as a new theory of liability.

The complaint was dismissed at the end of plaintiff's case for failure to establish liability under any theory. The trial court held that the evidence presented was highly speculative and that no prima facie case had been made out. The court found that all of the evidence indicated that the missing handle to the safety valve did not cause the accident, but, rather, the evidence indicated that, if anything, some employee had turned the safety valve to initiate the flow of gas and failed to turn it off, and that these acts were not attributable to defendants. This appeal by plaintiff ensued.

We must affirm the judgment in favor of defendants. In order for plaintiff to prevail, he must prove that defendants' conduct was a substantial factor in causing his injuries (*Nallon v Helmsley-Spear, Inc.,* 50 NY2d 507, 520; *see,* Restatement [Second] of

---

* Defendants Small Oil Company, Inc. and Whitmore Oil Company, Inc. did business as Small Oil Company.

Torts § 341 comment a [1965]). Plaintiff's evidence indicated that if the handle to the service valve was left open, it was left open by some employee of Newton. If this circumstance caused gas to flow, defendants would not be liable since the employee's acts would be deemed the superseding cause of the accident.

Other evidence indicated that unless the quick connect was properly connected, the flow of propane would not occur even if the service valve was left open. Plaintiff's expert stated that the leak must have been in the area of the quick connect. Assuming the validity of his opinion, the responsibility for the condition of the quick connect was Newton's, which was obligated to maintain the lines from the tank to the carburetor. It was not the responsibility of any of the defendants, so that recovery under this theory was foreclosed.

The injury here, according to plaintiff's expert, was attributable to Newton's ordering that the three forklifts be placed at night in a closed trailer, which did not allow for sufficient ventilation, and by plaintiff's attempt to start the forklift when he was aware of the high concentration of propane gas in the trailers. These circumstances, plus the possibility that the service valves on the tanks may have been left open, are indicative that other factors in all likelihood produced the injury, and not any acts committed by or attributable to defendants.

Plaintiff's theory of failure to warn him of the dangers of propane was also not sustained, in that plaintiff had extensive knowledge of propane and its dangerous propensities. There was no duty to warn plaintiff under such circumstances (*Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 65; *cf. Billiar v Minnesota Min. & Mfg. Co.*, 623 F2d 240).

Plaintiff's theory of strict products liability, which was premised on defendants' failure to provide him with a tank with a handle for the service valves, was also not established because plaintiff failed to prove that the defective product was a substantial factor in producing the injury (*see, Bolm v Triumph Corp.*, 33 NY2d 151; 1 Weinberger, New York Products Liability §§ 21.03-21.05 [1982]). To the contrary, it was indicated that the accident could be reasonably attributed to other causes for which defendants were not liable. Plaintiff's knowledge of propane's dangerous propensities obviated the duty to warn plaintiff (*see, Lancaster Silo & Block Co. v Northern Propane Gas Co., supra*).

Finally, plaintiff's cause of action based on the theory of breach of warranty also failed in that plaintiff failed to establish that breach of warranty was the proximate cause of the injuries.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.